IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEITH FISHLOCK, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>GLOBAL PLASMA SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 23-522-RGA |

## DEFENDANT GLOBAL PLASMA SOLUTIONS, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

OF COUNSEL:

MCGUIREWOODS LLP

Robert A. Muckenfuss
Fifth Third Center
201 North Tryon Street
Suite 3000
Charlotte, North Carolina  28202
(704) 343-2052
rmuckenfuss@mcguirewoods.com

R. Trent Taylor
S. Virginia Bondurant Price
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
(804) 775-1000
rtaylor@mcguirewoods.com
vbondurantprice@mcguirewoods.com

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP

Adam W. Poff (No. 3990)
Tammy L. Mercer (No. 4957)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6642
apoff@ycst.com
tmercer@ycst.com
swilson@ycst.com

*Counsel for Global Plasma Solutions Inc.*

Dated:  June 6, 2023

**TABLE OF CONTENTS**

Page

INTRODUCTION AND SUMMARY OF ARGUMENT ............................................................. 1
NATURE AND STAGE OF PROCEEDING .................................................................................. 2
FACTUAL BACKGROUND .......................................................................................................... 2
LEGAL STANDARD...................................................................................................................... 3
ARGUMENT ................................................................................................................................... 3
    I.    The Complaint fails to state a fraudulent concealment claim. ................................ 3
    II.   Plaintiff's claims for common law fraud and violation of the DCFA are based on nonactionable statements. ........................................................................................ 4
    III.  The Complaint fails to state a claim for breach of the implied warranty of fitness for a particular purpose. ........................................................................................... 5
    IV.  The Complaint fails to state a claim for unjust enrichment. ................................... 6
CONCLUSION................................................................................................................................ 7

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Airborne Health, Inc. v. Squid Soap, LP*,
    2010 Del. Ch. LEXIS 150 (Del. Ch. July 20, 2010) ................................................................. 4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................. 3

*Baylis v. Red Lion Grp., Inc.*,
    2005 U.S. Dist. LEXIS 31773 (D. Del. Dec. 7, 2005) ............................................................. 6

*Don's Hydraulics, Inc. v. Colony Ins. Co.*,
    417 F. Supp. 2d 601 (D. Del. 2006) ......................................................................................... 5

*Garner v. Global Plasma Sols.*,
    590 F. Supp. 3d 738 (D. Del. 2022) ................................................................................. 3, 4, 7

*Johnson v. Organo Gold Int'l*,
    2016 U.S. Dist. LEXIS 63361 (D. Del. May 13, 2016) ........................................................... 6

*Juju, Inc. v. Native Media, LLC*,
    2020 U.S. Dist. LEXIS 104387 (D. Del. June 15, 2020) ......................................................... 3

*Kuroda v. SPJS Holdings, L.L.C.*,
    971 A.2d 872 (Del. Ch. 2009) .................................................................................................. 6

*Metro Commun. Corp. BVI v. Advanced Mobilecomm Techs. Inc.*,
    854 A.2d 121 (Del. Ch. 2004) .................................................................................................. 4

*Shuker v. Smith & Nephew, PLC*,
    885 F.3d 760 (3d Cir. 2018) ..................................................................................................... 3

*Vichi v. Koninklijke Philips Elecs. N.V.*,
    62 A.3d 26 (Del. Ch. 2012) ...................................................................................................... 7

*Yarger v. ING Bank, FSB*,
    285 F.R.D. 308 (D. Del. 2012) ................................................................................................. 4

**Statutes**

6 Del. C. § 2513(a) ............................................................................................................................ 4

**Other Authorities**

Fed. R. Civ. P. 9(b) ........................................................................................................................... 3

Fed. R. Civ. P. 12(b)(6)..................................................................................................3

## INTRODUCTION AND SUMMARY OF ARGUMENT

This lawsuit is the third putative class action that counsel for Plaintiff Keith Fishlock ("Plaintiff") has filed against Defendant Global Plasma Solutions, Inc. ("GPS")—and all three complaints are nearly identical. In the first action, *Robert Garner v. Global Plasma Solutions, Inc.*, Civil No. 1:21-cv-00665-SB (D. Del.), this Court dismissed all eight of Robert Garner's ("Garner") claims except his claim for deceit in Count I. The Court substantially narrowed Garner's deceit claim, finding most of the alleged misrepresentations were not actionable.

On December 2, 2022, Plaintiff filed a nearly identical putative class action complaint against GPS in this Court, Civil No. 1:22-cv-01566-SB. Plaintiff voluntarily dismissed that action on May 2, 2023 after failing to effect proper service of process. (D.I. 12.)

Plaintiff then initiated this third putative class action against GPS on May 15, 2023. Plaintiff's instant Complaint fails to correct almost all of the deficiencies this Court identified in Garner's Complaint. First, Plaintiff fails to state a claim for fraudulent concealment because he fails to allege that GPS took the requisite affirmative action to conceal facts undermining its representations. Second, Plaintiff's claims for common law fraud and violation of the Delaware Consumer Fraud Act ("DCFA") are based on several of the same statements that this Court concluded in *Garner* were not actionable. Accordingly, Plaintiff's fraud and DCFA claims should be dismissed to the extent they are based on statements this Court has already concluded cannot support a fraud claim. Third, Plaintiff's claim for breach of the implied warranty of fitness for a particular purpose fails because he expressly alleges that he purchased the GPS device for its ordinary purpose, as opposed to a special purpose. Last, Plaintiff fails to state an unjust enrichment claim because he fails to allege that he conferred any benefit on GPS.

## NATURE AND STAGE OF PROCEEDING

Plaintiff filed the instant Class Action Complaint on May 15, 2023. (D.I. 1.) Plaintiff asserts claims against GPS for deceit and fraudulent concealment (Count I), breach of express warranty (Count II), breach of the implied warranty of merchantability (Count III), breach of the implied warranty of fitness for a particular purpose (Count IV), violation of state consumer protection statutes (Count V), violation of the DCFA (Count VI), and unjust enrichment (Count VII). (D.I. 1.)

## FACTUAL BACKGROUND

GPS, founded in 2008, designs and sells air cleaning products that implement its patented needlepoint bipolar ionization (NPBI™) technology. (D.I. 1, ¶¶ 47–48.) GPS's products are installed in the heating, ventilation, and cooling system of a building or residence and clean the air by generating ions that interact with viral and other particles in the air. (*See* D.I. 1, ¶ 59(d).)

Plaintiff, a Delaware resident, alleges that in December 2020, he purchased a GPS-24-FC device, one of GPS's NPBI™ products, from a third-party retailer, R. Brooks Mechanical. (D.I. 1, ¶¶ 20, 147.) Plaintiff had the device installed in his home, and he paid $750 for the device and installation. (D.I. 1, ¶¶ 148–49.) Plaintiff alleges that he purchased the GPS device in reliance on representations by GPS that he contends are false. The Complaint groups the alleged misrepresentations into five categories: (1) "Products are superior to other air treatment system technologies"; (2) "Products produce cleaner air"; (3) "Products are capable of achieving quantified toxin-removal benchmarks"; (4) "Defendant's assertions about the Products are based on 'independent testing'"; and (5) "Attempts to capitalize on the COVID-19 pandemic." (D.I. 1, at 14.)

**LEGAL STANDARD**

Rule 12 requires dismissal when a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This Court need not accept legal conclusions, nor speculative assumptions. *Id.*

**ARGUMENT**

**I.      The Complaint fails to state a fraudulent concealment claim.**

"A claim for fraudulent concealment under Delaware law requires a showing of: (1) deliberate concealment by the defendant of a material past or present fact, or silence in the face of a duty to speak; (2) that the defendant acted with scienter; (3) an intent to induce plaintiff's reliance upon the concealment; (4) causation; and (5) damages resulting from the concealment." *Juju, Inc. v. Native Media, LLC*, 2020 U.S. Dist. LEXIS 104387, at *28 (D. Del. June 15, 2020). Plaintiff must plead his fraudulent concealment claim to satisfy the heightened pleading standard of Rule 9(b)—he "must allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation and must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 778 (3d Cir. 2018) (quotation marks omitted).

In *Garner*, this Court concluded that the Garner Complaint failed to allege that GPS took the requisite affirmative action to conceal facts undermining its claims. *Garner v. Global Plasma Sols.*, 590 F. Supp. 3d 738, 747 (D. Del. 2022). Plaintiff's instant Complaint is no different. Plaintiff fails to allege a single affirmative act of concealment by GPS. "Instead, he claims that [GPS] sued its critics." *Id.*; (D.I. 1, ¶ 123). This is insufficient. *Garner*, 590 F. Supp. 3d at 747

3

(stating "most lawsuits are matters of public record that hardly conceal . . . relevant facts" and dismissing Garner's fraudulent concealment claim); *Metro Commun. Corp. BVI v. Advanced Mobilecomm Techs. Inc.*, 854 A.2d 121, 150 (Del. Ch. 2004) ("In order to state a claim of fraud by active concealment, [plaintiff] must show that a defendant took some action affirmative in nature designed or intended to prevent, and which does prevent, the discovery of facts giving rise to the fraud claim, some artifice to prevent knowledge of the facts or some representation intended to exclude suspicion and prevent inquiry.").

Therefore, this Court should dismiss Plaintiff's fraudulent concealment claim in Count I.

## II. Plaintiff's claims for common law fraud and violation of the DCFA are based on nonactionable statements.

A claim for common law fraud requires a plaintiff to prove that defendant made a false representation of fact. *Yarger v. ING Bank, FSB*, 285 F.R.D. 308, 327 (D. Del. 2012). A claim under the DCFA likewise requires a plaintiff to prove that defendant made a false representation of fact. *Id.* at 326; 6 Del. C. § 2513(a). "Actionable statements misstate material facts that can be measured or known. Mere estimates or opinions or puffing are not actionable." *Garner*, 590 F. Supp. 3d at 744 (quotation marks, citation, and brackets omitted). "Puffery" is defined as vague generalities and statements of opinion. *Airborne Health, Inc. v. Squid Soap, LP*, 2010 Del. Ch. LEXIS 150, at *19–20 (Del. Ch. July 20, 2010).

This Court has already determined that most of the alleged statements on which Plaintiff bases his fraud and DCFA claims are not actionable. Specifically, the Court concluded that the alleged false representations identified in paragraphs 55(a)–(b), 56(h)(ii), 59(a)–(c), and 59(h) of Plaintiff's Complaint are nonactionable puffery. *Garner*, 590 F. Supp. 3d at 744 (concluding identical allegations in paragraphs 55(a)–(b), 59(h)(ii), and 62(a)–(c) and (h) of the Garner Complaint were nonactionable puffery).

4

This Court also concluded that the alleged false representations identified in paragraphs 57(a), (c), and (d) of Plaintiff's Complaint are nonactionable testimonials. *Id.* at 745 (concluding identical allegations in paragraphs 60(a), (c), and (d) of the Garner Complaint were nonactionable testimonials). The alleged misrepresentation identified in paragraph 59(j) of Plaintiff's Complaint is likewise a nonactionable testimonial.

Further, as in the Garner Complaint, Plaintiff fails to plausibly plead that several alleged representations are false. (D.I. 1, ¶¶ 55(c), 56(a)–(g), 59(f)); *Garner*, 590 F. Supp. 3d at 744–45 (concluding that Garner failed to plead falsity as to identical allegations in paragraphs 55(c), 59(a)–(g), and 62(f) of the Garner Complaint).

Therefore, Plaintiff's fraud and DCFA claims should be dismissed to the extent that they are based on the foregoing nonactionable statements.[1]

### III.  The Complaint fails to state a claim for breach of the implied warranty of fitness for a particular purpose.

The Complaint fails to state a claim for breach of the implied warranty of fitness for a particular purpose because it expressly alleges that Plaintiff purchased the GPS device for its ordinary purpose, rather than a special purpose.

A claim for breach of the implied warranty of fitness for a particular purpose requires a plaintiff to prove "(1) [he] has a special purpose for certain goods; (2) the seller knew or had reason to know of that purpose; (3) the seller knew or had reason to know that the [plaintiff] was relying on the seller's superior skill to select goods that fulfilled that purpose; and (4) the [plaintiff] in fact relied on the seller's superior skill." *Don's Hydraulics, Inc. v. Colony Ins. Co.*, 417 F. Supp. 2d 601, 611–12 (D. Del. 2006). Critically, a claim for breach of the implied warranty of fitness for a particular purpose requires a plaintiff to establish that "the goods are to be used for a special

---

[1] For these same reasons, Count V of the Complaint also fails and should be dismissed.

5

purpose particular to the individual user, not when the goods are used in their ordinary way." *Baylis v. Red Lion Grp., Inc.*, 2005 U.S. Dist. LEXIS 31773, at *14–15 (D. Del. Dec. 7, 2005).

Here, Plaintiff alleges that he purchased the GPS device for the special purpose of cleaning the air of the COVID-19 virus. (D.I. 1, ¶ 213.) But the Complaint is replete with factual allegations that the ordinary purpose of GPS's products is to clean the air of the COVID-19 virus. (*E.g.*, D.I. 1, ¶ 197 (alleging that "the ordinary purpose" of GPS's products is "to safely cleanse the air of the COVID-19 virus"). Accordingly, Plaintiff's alleged intended purpose of cleaning the air of the COVID-19 virus is not a special, non-ordinary purpose of the GPS product. Plaintiff's failure to allege a special, non-ordinary purpose for the GPS device is fatal to his claim for breach of the implied warranty of fitness for a particular purpose. *Johnson v. Organo Gold Int'l*, 2016 U.S. Dist. LEXIS 63361, at *12–13 (D. Del. May 13, 2016) (concluding plaintiff failed to state a claim for breach of the implied warranty of fitness for a particular purpose because plaintiff failed to allege that he purchased the good for a special purpose different than its ordinary purpose).

Therefore, this Court should dismiss Plaintiff's claim for breach of the implied warranty of fitness for a particular purpose.

### IV.    The Complaint fails to state a claim for unjust enrichment.

The Complaint fails to state a claim for unjust enrichment because it fails to plausibly allege that Plaintiff conferred any benefit on GPS. "Unjust enrichment is the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 891 (Del. Ch. 2009) (quotation marks omitted). Plaintiff's unjust enrichment claim alleges that he conferred a non-gratuitous payment for the GPS product and installation on GPS. (D.I. 1, ¶ 245.) Plaintiff expressly alleges, however, that he purchased the product from a third party, R. Brooks Mechanical. (D.I. 1, ¶ 147.) As in *Garner*, Plaintiff "has not said whether the proceeds

6

from that sale ended up in [GPS's] hands." *Garner*, 590 F. Supp. 3d at 748. Nor has Plaintiff alleged any facts to support a direct relationship between Plaintiff's payment to the third-party retailer and an enrichment to GPS. *Vichi v. Koninklijke Philips Elecs. N.V.*, 62 A.3d 26, 59–60 (Del. Ch. 2012) ("[A] plaintiff must show that there is some direct relationship . . . between a defendant's enrichment and a plaintiff's impoverishment. In other words, there must be a showing that the defendant was enriched unjustly by the plaintiff who acted for the defendant's benefit." (quotation marks and brackets omitted)).

Therefore, as in *Garner*, this Court should dismiss Plaintiff's unjust enrichment claim.

## CONCLUSION

For the foregoing reasons, GPS respectfully requests that the Court grant its motion.

Dated: June 6, 2023

| | |
|---|---|
| OF COUNSEL | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| MCGUIREWOODS LLP | |
| | */s/ Adam W. Poff* |
| Robert A. Muckenfuss | Adam W. Poff (No. 3990) |
| Fifth Third Center | Tammy L. Mercer (No. 4957) |
| 201 North Tryon Street | Samantha G. Wilson (No. 5816) |
| Suite 3000 | Rodney Square |
| Charlotte, North Carolina 28202 | 1000 North King Street |
| (704) 343-2052 | Wilmington, DE 19801 |
| rmuckenfuss@mcguirewoods.com | (302) 571-6642 |
| | apoff@ycst.com |
| R. Trent Taylor | tmercer@ycst.com |
| S. Virginia Bondurant Price | swilson@ycst.com |
| Gateway Plaza | |
| 800 East Canal Street | *Counsel for Global Plasma Solutions Inc.* |
| Richmond, Virginia 23219 | |
| (804) 775-1000 | |
| rtaylor@mcguirewoods.com | |
| vbondurantprice@mcguirewoods.com | |

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 6, 2023, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Brian E. Farnan
Michael J. Farnan
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Dennis C. Reich
REICH & BINSTOCK LLP
4265 San Felipe, Suite 1000
Houston, TX 77024
dreich@reichandbinstock.com

THE MILLS LAW FIRM
Michael A. Mills, Esq.
8811 Gaylord Drive
Suite 200
Houston, TX 77024
mickey@millsmediation.com

THE KEETON FIRM LLC
Steffan T. Keeton, Esq.
100 S Commons, Ste. 102
Pittsburgh, PA 15212
stkeeton@keetonfirm.com

*Attorneys for Plaintiff Keith Fishlock*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/Adam W. Poff*
Adam W. Poff (No. 3990)
Tammy L. Mercer (No. 4957)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6642
apoff@ycst.com
tmercer@ycst.com
swilson@ycst.com

*Attorneys for Global Plasma Solutions Inc.*