IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KEITH FISHLOCK, on behalf of himself and all others similarly situated,

    *Plaintiff,*

v.

No. 23-cv-00522

GLOBAL PLASMA SOLUTIONS INC.,

    *Defendant.*

---

Brian E. Farnan, Michael J. Farnan, FARNAN LLP, Wilmington, Delaware; Dennis C. Reich, REICH & BINSTOCK LLP, Houston, Texas.

*Counsel for Plaintiff*

Adam Wyatt Poff, Samantha G. Wilson, YOUNG, CONAWAY, STARGATT & TAYLOR LLP, Wilmington, Delaware.

*Counsel for Defendant*

---

### MEMORANDUM OPINION

March 18, 2024

---

BIBAS, *Circuit Judge*, sitting by designation.

    Plaintiffs who recycle pleadings should expect the same results. Keith Fishlock bought an air-treatment system to protect himself from COVID. Then he sued its manufacturer, Global Plasma, claiming that the system did not work. But his

allegations are virtually identical to those made by a different plaintiff in another case before me. So just as I did there, I dismiss most of the claims here. That said, Fishlock does plausibly plead fraudulent misrepresentation, consumer-protection violations, and breach of implied warranty of merchantability. Thus, those claims survive.

### I. FISHLOCK FILES A COMPLAINT SIMILAR TO THE *GARNER* COMPLAINT

On this motion to dismiss, I take the complaint's allegations as true: Keith Fishlock worried about getting COVID. D.I. 9, ¶¶ 16, 161. So he hunted for an air purifier to help protect him. *See id.* After seeing Global Plasma's ads saying that its air-treatment system would cleanse the air of the virus, he bought one from a third-party retailer. D.I. 9, ¶¶ 158, 162–63.

Global Plasma's air-treatment products use "Needlepoint Bipolar Ionization technology" to clean the air. D.I. 9, ¶ 48. This technology is supposed to purify air by releasing ions through a building's HVAC system. D.I. 9, ¶ 59(d). The ions then break up pathogens and other airborne contaminants, including COVID. D.I. 9, ¶ 59(e).

But Fishlock says that the purifier he bought neither worked as it was supposed to nor improved his home's air quality. D.I. 9, ¶ 165. So he filed this class action, claiming that Global Plasma had deceived him and other consumers, breached warranties, violated consumer-protection laws, and unjustly enriched itself. D.I. 9, ¶¶ 178–263. He seeks damages, restitution, and an injunction. D.I. 9, at 99–100.

Global Plasma moves to dismiss, arguing that Fishlock has failed to state a claim. D.I. 10. It notes that his complaint is nearly identical to the complaint in another case before me: *Garner v. Global Plasma Solutions, Inc.*, No. 21-cv-00665 (D. Del. filed

May 7, 2021). D.I. 11, at 1. That is true. Thus, I deal with the overlapping issues just as I did in *Garner*. But the cases differ in a few relevant ways, as I explain below.

More of Fishlock's claims survive than did Garner's. Fishlock plausibly pleads his misrepresentation, consumer-protection, and breach-of-implied-warranty-of-merchantability claims. So those can move forward. I dismiss the rest.

## II. MOST OF FISHLOCK'S FRAUD CLAIMS FAIL

Fishlock's fraudulent-misrepresentation, fraudulent-concealment, consumer-protection, and unjust-enrichment claims "are based on fraudulent activity." *Garner v. Glob. Plasma Sols., Inc.*, 590 F. Supp. 3d 738, 743–44 (D. Del. 2022) (internal quotation marks omitted). So they have to meet Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements. Under that rule, plaintiffs "alleging fraud … must state with particularity the circumstances constituting fraud or mistake." Fed R. Civ. P. 9(b).

### A. The statements

Fishlock identifies numerous statements that he thinks are misleading. But the statements are actionable only if they "misstate material facts that can be measured or known." *Garner*, 590 F. Supp. 3d at 744 (internal quotation marks omitted). And all of the statements that Fishlock identifies were also identified by Garner. So I have already decided whether they are actionable. Most are not.

As I explained in *Garner*, the only statements that are even arguably false are those that deal with third-party testing of Global Plasma's products and with their efficacy against COVID. (Unlike in *Garner*, Fishlock's complaint does not fully allege that Global Plasma's statements about harmful byproducts are false.) *Id.* at 744–46;

3

D.I. 9, ¶¶ 55(d)–(e), 56(h)–(i), 57(b), 58, 59(d)–(e), (g), (i), (k). All the rest are either puffery or not clearly false. *Garner*, 590 F. Supp. 3d at 744–45. So at this point, Fishlock plausibly identifies two potential misrepresentations: (1) that Global Plasma used independent testing, and (2) that ionizers are effective at stopping COVID. *Id.* at 746.

### B. Fishlock's fraudulent-misrepresentation and consumer-protection claims survive

Fishlock also properly pleads the rest of the elements of his fraudulent-misrepresentation and consumer-protection claims. First, on misrepresentation, as in *Garner*, Fishlock has sufficiently described how he relied on Global Plasma's misstatements in deciding to buy its product. *Id.*; D.I. 9, ¶¶ 162–63. And that reliance was reasonable. *Garner*, 590 F. Supp. 3d at 746–47. So his fraudulent-misrepresentation claim, predicated on the two actionable statements identified above, may move forward.

On to his consumer-protection claim: To state a claim under the Delaware Consumer Fraud Act (DCFA), "a plaintiff must, at a minimum, allege with the required particularity that the defendant negligently omitted or concealed a material fact, and that the defendant intended that others rely on the omission or concealment." *Eames v. Nationwide Mut. Ins. Co.*, 2008 WL 4455743, at *13 (D. Del. Sept. 30, 2008) (internal quotation marks omitted). Given the overlap among elements, misrepresentation and DCFA claims "generally rise and fall together." *Arcelik A.S. v. El DuPont de Nemours & Co.*, 2023 WL 3862506, at *6 (3d Cir. June 7, 2023). So too here. Fishlock

plausibly pleads misrepresentations, reliance, inducement, and injury. So his DCFA claim, like his fraudulent-misrepresentation claim, survives.

Global Plasma asks me to dismiss Fishlock's fraud and DCFA claims because, in *Garner*, I said that most of the allegedly false statements that Fishlock identifies are not actionable. True, most are not. But, as mentioned, two are. And those two plausible misrepresentations may support Fishlock's fraudulent-misrepresentation and DCFA claims. So although those claims are substantially narrowed, they do withstand the motion to dismiss.

### C. But his fraudulent-concealment and unjust-enrichment claims fail

Fishlock is not as successful with his other fraud claims. To state a fraudulent-concealment claim, he must plead "that Global Plasma took affirmative action to conceal facts undermining its claims." *Garner*, 590 F. Supp. 3d at 747 (internal quotation marks and brackets omitted). He does not.

As in *Garner*, Fishlock alleges that Global Plasma sued its critics to conceal the truth about its products' efficacy. D.I. 9, ¶¶ 123, 144–45. As I said before, such lawsuits do not qualify as affirmative action. *Garner*, 590 F. Supp. 3d at 747.

But unlike in *Garner*, Fishlock is armed with evidence that (he says) shows that Global Plasma actively suppressed and altered unfavorable test results. D.I. 9, ¶¶ 141–43, 146–48, 151. That evidence consists entirely of statements from Keith Garris, a former Global Plasma employee, about testing that Boeing did on Global Plasma's products. Yet that testing took place months after Fishlock had purchased his air purifier. D.I. 9, ¶ 72 n.55, 158. So even if Global Plasma suppressed or altered

the Boeing test results, it would not have affected Fishlock's opportunity to gauge the products' efficacy or his decision to buy one. Because causation is an essential element of fraudulent concealment, the Garris evidence and related allegations cannot rescue Fishlock's fraudulent-concealment claim. *See Nicolet, Inc. v. Nutt*, 525 A.2d 146, 149 (Del. 1987).

Fishlock also fails to plausibly plead unjust enrichment. Like in *Garner*, Fishlock bought his ionizer from a third-party retailer and alleges only "[v]ague implications" that Global Plasma ended up with his money. *Garner*, 590 F. Supp. 3d at 748; D.I. 9, ¶¶ 158–59, 256–60. So, as I concluded there, he fails to properly state his unjust-enrichment claim. And I must dismiss that claim too.

### III. FISHLOCK PLAUSIBLY PLEADS ONLY ONE BREACH OF WARRANTY

Finally, I turn to Fishlock's claims for breach of warranty, starting with breach of express warranty. To properly state that claim, Fishlock "needed to plead that his notice informed Global Plasma that there was a breach and described the nature of the nonconformity." *Garner*, 590 F. Supp. 3d at 748 (internal quotation marks and brackets omitted). He fails to do so. Instead, he says only that "Defendant received timely notice of the breaches experienced by Plaintiff and Class Members." D.I. 9, ¶ 200. That is too conclusory. *See Garner*, 590 F. Supp. 3d at 748. So I dismiss Fishlock's breach-of-express-warranty claim.

Fishlock's claim for breach of implied warranty of fitness for a particular purpose fails too, but for different reasons. To state this claim, Fishlock must, among other things, allege that he bought the ionizer for a special purpose, different from its ordinary one. *Don's Hydraulics, Inc. v. Colony Ins. Co.*, 417 F. Supp. 2d 601, 611–12 (D.

6

Del. 2006); *Johnson v. Organo Gold Int'l, Inc.*, 2016 WL 2771124, at *4 (D. Del. May 13, 2016). He does not. Instead, he says that he bought the ionizer to cleanse the air of COVID. D.I. 9, ¶ 161–62, 224. Yet that is—as Fishlock himself recognizes—the product's ordinary purpose. D.I. 9, ¶ 208. So this claim fails as well.

But Fishlock's claim for breach of implied warranty of merchantability survives. For this final claim, unlike his express-warranty claim, Fishlock does allege that he gave Global Plasma timely and detailed notice. D.I. 9, ¶ 218. And he includes a copy of the notice that he sent. D.I. 9, Ex. 1. In addition to notice, Fishlock also plausibly pleads the remaining elements: He alleges that (1) Global Plasma sold ionizers; (2) the products were defective and ineffective against COVID; (3) he was injured; and (4) that his injury was caused by those defects. *Reybold Grp., Inc. v. Chemprobe Techs., Inc.*, 721 A.2d 1267, 1269 (Del. 1998). Plus, Global Plasma does not argue that he failed to state this claim. So Fishlock's claim for breach of implied warranty of merchantability may move forward.

\* \* \* \* \*

Though Fishlock's allegations are almost identical to Garner's, there are a few differences that give him a slightly better result. He successfully states claims for fraudulent misrepresentation, consumer-protection violations, and breach of implied warranty of merchantability. But his other claims do not pass muster. So I must dismiss them.