## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEITH FISHLOCK, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>GLOBAL PLASMA SOLUTIONS, INC.,<br><br>  Defendant. | C.A. No. 1:23-cv-00522-SB |

**DEFENDANT GLOBAL PLASMA SOLUTIONS, INC.'S LETTER IN RESPONSE TO PLAINTIFF'S JANUARY 7, 2025 LETTER REGARDING DISCOVERY DISPUTE**

Dated: January 10, 2025

| | |
|---|---|
| OF COUNSEL<br><br>MCGUIREWOODS LLP<br>Robert A. Muckenfuss (admitted *pro hac vice*)<br>Kelly A. Warlich (admitted *pro hac vice*)<br>Fifth Third Center<br>201 North Tryon Street, Suite 3000<br>Charlotte, North Carolina 28202<br>(704) 343-2052<br>rmuckenfuss@mcguirewoods.com<br>kwarlich@mcguirewoods.com | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>Adam W. Poff (No. 3990)<br>Tammy L. Mercer (No. 4957)<br>Samantha G. Wilson (No. 5816)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>(302) 571-6600<br>apoff@ycst.com<br>tmercer@ycst.com<br>swilson@ycst.com<br><br>*Attorneys for Global Plasma Solutions, Inc.* |

Dear Judge Bibas:

Pursuant to paragraph 3.g of this Court's Scheduling Order, Defendant Global Plasma Solutions, Inc. ("GPS") submits this letter in response to Plaintiff Keith Fishlock's ("Plaintiff") January 7, 2025 letter (D.I. 55).

This case is Plaintiff and his counsel's second bite at the apple. This lawsuit is the third putative class action that Plaintiff's counsel has filed against GPS—and all three complaints are nearly identical. Plaintiff and his counsel filed this action on May 15, 2023—after the close of discovery in the first putative class action filed by Plaintiff's counsel, *Garner v. Global Plasma Solutions, Inc.*, Case No. 1:21-cv-00665-SB ("*Garner*").

On October 28, 2024, this Court entered a Scheduling Order in this matter (D.I. 43). The Scheduling Order provides that the expert reports and expert depositions in the *Garner* litigation may be used in this litigation and does not provide for any additional expert discovery in this litigation. With respect to fact discovery, the Scheduling Order provides that discovery from *Garner* may be used in this litigation and prohibits the parties from re-serving discovery requests that are duplicative of discovery requests that were previously served in *Garner*. Given these restrictions, the Scheduling Order provides for a limited fact discovery period that ends on February 24, 2025. Dispositive motions and motions for class certification are due on March 10, 2025; oppositions to such motions are due March 24, 2025; and reply briefs are due April 7, 2025. A consolidated trial in this matter and *Garner* is set to begin on May 12, 2025, with corresponding pretrial deadlines set in March and April.

Plaintiff's experts wish to testify regarding an additional, cherry-picked article that was published in October 2024 that they contend supports their opinions that GPS's NPBI™ technology is not effective against the SARS-CoV-2 virus. As an initial matter, Plaintiff's experts' opinions on SARS-CoV-2 efficacy are no longer relevant in the *Garner* litigation because this Court already granted summary judgment on that claim—the only claim that remains at issue in *Garner* is Plaintiff Robert Garner's fraud claim based on the alleged misrepresentation that GPS's testing was independent. (*Garner*, D.I. 142, 143.) The Court should reach the same decision at summary judgment in this case.

Regardless, GPS strongly disputes that the article at issue supports Plaintiff's experts' opinions on SARS-CoV-2 efficacy. The Scheduling Order in this case does not provide for any additional expert discovery, and for good reason—in *Garner*, GPS's experts responded to the expert reports of Plaintiff's experts and the materials on which Plaintiff's experts relied, and GPS's counsel thoroughly deposed Plaintiff's experts regarding their reports and their reliance materials. If Plaintiff's experts are allowed to testify regarding this new, cherry-picked article that they contend supports their opinions (which GPS strongly disputes), then GPS's experts should be permitted to supplement their reports regarding this article as well as other materials that post-date the expert discovery period in *Garner*, and GPS's counsel should be permitted to depose Plaintiff's experts regarding this article. The foregoing additional expert discovery could not occur under the Court's current Scheduling Order. Plaintiff's experts should not be permitted to testify to this new, cherry-picked article.

| | |
|---|---|
| OF COUNSEL<br><br>MCGUIREWOODS LLP<br>Robert A. Muckenfuss (admitted *pro hac vice*)<br>Kelly A. Warlich (admitted *pro hac vice*)<br>Fifth Third Center<br>201 North Tryon Street, Suite 3000<br>Charlotte, North Carolina 28202<br>(704) 343-2052<br>rmuckenfuss@mcguirewoods.com<br>kwarlich@mcguirewoods.com | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Adam W. Poff*<br>Adam W. Poff (No. 3990)<br>Tammy L. Mercer (No. 4957)<br>Samantha G. Wilson (No. 5816)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>(302) 571-6600<br>apoff@ycst.com<br>tmercer@ycst.com<br>swilson@ycst.com<br><br>*Attorneys for Global Plasma Solutions, Inc.* |