**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

KEITH FISHLOCK, on behalf of himself and
all others similarly situated,

               Plaintiff,

     v.

GLOBAL PLASMA SOLUTIONS, INC.

               Defendant.

C.A. NO.  23-522-SB

**FILED UNDER SEAL**

**<u>PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT</u>**

# TABLE OF CONTENTS

**NATURE AND STAGE OF THE PROCEEDINGS**                                    **1**

**SUMMARY OF ARGUMENT**                                                    **1**

**STATEMENT OF FACTS**                                                     **1**

**I.    GPS' marketing emphasized NPBI's ability to kill COVID in real world conditions.**    **2**

**II.   GPS made COVID representations part of the bargain.**              **3**
   A.    Early Stages of COVID-19                                      3
   B.    GPS Sales Skyrocket with "Virtually Eliminates" COVID Claim    5

**III.  GPS controls the representations at all levels of distribution.**  **7**

**IV.   The GPS devices are ineffective.**                                 **8**

**V.    The "Virtually Eliminates" COVID test was a carefully constructed lie.**    **9**

**VI.   GPS misrepresented its "independent testing."**                    **10**

**VII.  The Products' claims are false and misleading.**                   **13**

**VIII. Mr. Fishlock's experience with Defendant's Product.**             **13**

**LEGAL STANDARD**                                                         **14**

**ARGUMENT**                                                               **14**

**I.    GPS is not entitled to summary judgment on Plaintiff's DCFA, fraud, and warranty claims because evidence shows that GPS' representations are false.**    **14**
   A.    Evidence shows that GPS' technology does not clean the air of the SARS-CoV-2 virus.    15
   B.    Evidence shows that GPS made false representations regarding the testing it commissioned.    16

**II.   Mr. Fishlock relied on GPS' independent testing representations.**    **17**

**III.  Evidence shows that GPS knew of its falsity or made the representations with reckless indifference to the truth.**    **18**

**CONCLUSION**                                                             **20**

# TABLE OF AUTHORITIES

Cases

*360Heros, Inc. v. Gopro, Inc.*,
  2022 WL 1746854 (D. Del. May 31, 2022)............................................................. 15

*Bell v. Publix Super Markets, Inc.*,
  982 F.3d 468 (7th Cir. 2020) ................................................................................... 18

*Herman & MacLean v. Huddleston*,
  459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983)............................................. 20

*In re Phillips Petroleum Sec. Litig.*,
  881 F.2d 1236 (3d Cir. 1989).................................................................................. 20

*Jutrowski v. Township of Riverdale*,
  904 F.3d 280 (3d Cir. 2018).................................................................................... 14

*Nat'l State Bank v. Fed. Rsrv. Bank of N.Y.*,
  979 F.2d 1579 (3d Cir. 1992).................................................................................. 15

*S.E.C. v. Johnson*,
  174 F. App'x 111 (3d Cir. 2006) ............................................................................. 20

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
  551 U.S. 308, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007)...................................... 20

*Williams v. Progressive Direct Ins. Co.*,
  631 F. Supp. 3d 202 (D. Del. 2022)................................................................... 18, 19

Rules

Fed. R. Civ. P. 56(a) ................................................................................................... 15

█████████████████████████████████████████

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Keith Fishlock filed his original Complaint on May 15, 2023. On March 18, 2024, following Defendant Global Plasma Solutions' ("GPS") motion to dismiss, the Court allowed Plaintiff's fraudulent misrepresentation, Delaware Consumer Fraud Act, and implied warranty claims to proceed. D.I. 38. Following fact discovery, Plaintiff moved for class certification on March 10, 2025. D.I 68. That motion is currently pending before the Court.

## SUMMARY OF ARGUMENT

I.     GPS is not entitled to summary judgment on Plaintiff's fraud, DCFA, and implied warranty claims because evidence shows that Plaintiff relied upon GPS' representations that were false because NPBI is ineffective at killing COVID and the representations are not supported by independent studies.

II.    GPS is not entitled to summary judgment because evidence shows that GPS knew of its falsity or made the representations with reckless indifference to the truth.

## STATEMENT OF FACTS

GPS was founded in 2008. ████████████████████████████

████████████████████████████████████████████████████

From the moment COVID-19 arrived in the United States, GPS saw a golden opportunity to grow its bank accounts by *representing* that its NPBI technology eliminated COVID-19. ███

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[1] D.I. 89, Ex. 1.



**I.    GPS' marketing emphasized NPBI's ability to kill COVID in real world conditions.**

GPS' primary message was that its NPBI technology – forming the basis of all of its

Products – would be effective at eliminating COVID-19. *See* D.I. 89, Ex. 6. Rather than focusing

on a single product, GPS makes uniform representations concerning the Needlepoint Bipolar

Ionization technology that underpins all of the Products. ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████

- ██████ ████████████████████████████████

██████████████████████████████████

████████████████████████████

██████████████████████████████████

████████████████████████████████

██████████████████████████████

████████████████████████████

██████████████ ████████████████

████████████████████████████████████████

████████████████████████████████████

---

[2] ████████████████████



## II.    GPS made COVID representations part of the bargain.

GPS knew that representations that NPBI would eliminate COVID were incredibly

valuable and made them essential to the customer's understanding of the Products.

### A.  Early Stages of COVID-19

From the moment it was feared that COVID-19 would land on the shores of the United

States, GPS aimed to exploit this opportunity.





On March 9, 2020, the World Health Organization Director-General stated that "the threat of a pandemic has become very real." D.I. 89, Ex. 24. ███████████████

███████████████████████████████████████████████

███ Two days later, WHO declared a global pandemic. D.I. 89, Ex. 26. ████████

---

4



### B. GPS Sales Skyrocket with "Virtually Eliminates" COVID Claim

COVID representations proved incredibly valuable to GPS. ██████████████



COVID was consistently the primary driver of sales for the GPS Products and GPS

intended to protect its most valuable source of sales.



**III.    GPS controls the representations at all levels of distribution.**



### IV.    The GPS devices are ineffective.





**V.    The "Virtually Eliminates" COVID test was a carefully constructed lie.**



**VI.    GPS misrepresented its "independent testing."**

GPS misrepresented that its tests were independent and showed that its technology was

effective in real world conditions. ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████







**VII.    The Products' claims are false and misleading.**

**VIII.   Mr. Fishlock's experience with Defendant's Product.**

In late 2020, Mr. Fishlock purchased a GPS device after viewing, reading, and relying upon the information about the NPBI technology distributed by GPS. Ex. F-1, ROGS 1, 2. Specifically, he relied upon representations that the NPBI was "effective at killing COVID," "effective at improving indoor air quality," and "independently laboratory tested." Ex. F-2, at 44:10-16.  Mr. Fishlock relied upon GPS' representations made throughout its marketing campaign including, but not limited to, the June 10, 2020 "virtually eliminates" press release, the



June 17, 2020 technical webinar featuring Charles Waddell, a GPS brochure claiming that NPBI

"kills viruses," and numerous references to "independent testing." Ex. F-1, ROGS 1, 2 ,Ex. A.

The purchase was made for his home. Ex. F-2, at 48:6-9. When he did not notice any difference

from using the device, he had it examined by the installer. *Id*., 62:15-64:23. He was informed

that there was nothing – in the installer's knowledge - mechanically wrong with the device. *Id*.,

at 63:19-25. He then turned off the device. *Id*., at 62:19-22. Later, he learned that numerous

scientists and engineers had refuted many of the representations made by GPS. Ex. F-1, ROG3.

As a result of the deception, he suffered damages. *Id.*, ROG 6. Upon learning that he was

deceived, he sought relief.

## LEGAL STANDARD

Summary judgment is appropriate if there is "no genuine dispute as to any material fact" and

the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of

a material fact exists if the evidence presented "is such that a reasonable jury could return a

verdict for the nonmoving party." *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 288 (3d

Cir. 2018). When reviewing a motion for summary judgment, "courts must view all facts in the

light most favorable to the non-moving party, with all reasonable inferences drawn in that party's

favor." *360Heros, Inc. v. Gopro, Inc.*, 2022 WL 1746854, at *1 (D. Del. May 31, 2022) (internal

citations omitted). The moving party has the burden of proof. *Nat'l State Bank v. Fed. Rsrv.*

*Bank of N.Y.*, 979 F.2d 1579, 1581 (3d Cir. 1992).

## ARGUMENT

**I.    GPS is not entitled to summary judgment on Plaintiff's DCFA, fraud, and warranty claims because evidence shows that GPS' representations are false.**

This is a simple case. GPS was a small company that saw an opportunity to skyrocket its

growth when the COVID19 pandemic struck in 2020. ████████████████

████████████████████████████████

█████████████ The underlying technology of GPS' products was mere snake oil. GPS knew it in 2020 when the pandemic was in its infancy before Mr. Fishlock, like other Class Members, purchased his device seeking safety and security of his family. To protect its profits, GPS would stretch the truth of its purported "independent" tests.

Here, Plaintiff has evidence that shows that GPS' NPBI technology fails to clean the air of the SARS-CoV-2 virus and was not supported by independent studies. Further, Plaintiff has evidence that these representations were made with GPS' knowledge – or reckless indifference thereof – that the representations were not true. Lastly, Plaintiff has evidence that shows that this was done with the intent to deceive. When all of Plaintiff's evidence is given its proper weight, it is clear that GPS' motion should be denied.

A. *Evidence shows that GPS' technology does not clean the air of the SARS-CoV-2 virus.*





*B.*  *Evidence shows that GPS made false representations regarding the testing it commissioned.*





**II.    Mr. Fishlock relied on GPS' independent testing representations.**



### III. Evidence shows that GPS knew of its falsity or made the representations with reckless indifference to the truth.

GPS knew of its falsity or made the representations with reckless indifference to the truth.[39]

Here, GPS knew the devices were not effective as represented, failed to clean the air of COVID19, and were not supported by independent tests. This information was within GPS'



18

control and known by multiple GPS employees and agents as described herein. ███████

██████████████████████████████████████████████████████████

██████████████████████████████████████████ █████████

██████████████████████████████████████████████████████

███████████████████████████ GPS' actions also meet the standard for

reckless indifference because GPS knowingly sold devices that consumers would use for

COVID19 mitigation and safety during the pandemic. In other words, consumers purchased

these devices to enhance COVID safety practices while GPS knew that the devices failed to

protect people. In other words, the "virtually eliminates" COVID representation is reckless at

best, but its use of a shoebox testing chamber, failure to include a control and offset for the

natural decay of the virus to increase its sales during the pandemic was knowingly false.

Further, evidence obtained in discovery shows that GPS intended to deceive the public in

making these representations. The totality of the evidence shows a clear pattern of GPS

disregarding the truth in order to boost its profits. GPS may argue that there is no smoking gun

document showing intent, but the factfinder can infer intent based on circumstantial evidence.

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 324 (2007) ("The inference that the

defendant acted with scienter need not be irrefutable, i.e., of the 'smoking-gun' genre, or even

the 'most plausible of competing inferences[.]'"); *Herman & MacLean v. Huddleston*, 459 U.S.

375, 390 n. 30 (1983) (noting that circumstantial evidence can constitute proof of scienter in

fraud cases); *In re Phillips Petroleum Sec. Litig.*, 881 F.2d 1236, 1244 (3d Cir. 1989)

("[c]ircumstantial evidence may often be the principal, if not the only, means of proving bad

---

██ ██████████████████████████████████████████████████████

██████████████████████████████████████

faith."); *S.E.C. v. Johnson*, 174 F. App'x 111, 115 (3d Cir. 2006) ("[jury] could determine [Defendant's] state of mind based on circumstantial evidence.").

Here, the totality of the evidence shows that GPS knew the devices were not effective as represented, failed to clean the air of COVID, and were not supported by independent tests. This information was within GPS control and known by multiple GPS employees and agents. Despite knowing that these statements were false, GPS continued to make these representations in the marketplace in order to handsomely profit. In other words, GPS wanted to increase its sales and saw the pandemic as the perfect opportunity to skyrocket its growth. In ██████████, when the first COVID cases were reported in the United States, ████████████████████████

████████████████████████    ██████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████    ████████████████████████████████████

████████████████    ████████████████████████████████

████████████████████████    ██████████████████████

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff requests that the Court deny GPS' motion for summary judgment.

Dated: March 24, 2025

**FARNAN LLP**

*/s/ Michael J. Farnan*
Michael J. Farnan
Del. Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel.: 302-777-0300
mfarnan@farnanlaw.com

**OF COUNSEL:**

**REICH & BINSTOCK LLP**
Dennis C. Reich
4265 San Felipe, Suite 1000
Houston, TX 77024
Phone: (713) 622-7271
Fax: (713) 623-8724
dreich@reichandbinstock.com

**THE MILLS LAW FIRM**
Michael A. Mills
8811 Gaylord Drive
Suite 200
Houston, TX 77024
Phone: (832) 548-4414
Fax: (832) 327-7443
mickey@millsmediation.com

**THE KEETON FIRM LLC**
Steffan T. Keeton
100 S Commons, Ste. 102
Pittsburgh, PA 15212
1-888-412-5291
stkeeton@keetonfirm.com

*Attorneys for Plaintiff*

21