**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KEITH FISHLOCK, on behalf of himself and all others similarly situated, | C.A. NO. 23-522-SB |
| Plaintiff, | **FILED UNDER SEAL** |
| v. | |
| GLOBAL PLASMA SOLUTIONS, INC. | |
| Defendant. | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION**

**TABLE OF CONTENTS**

| | |
|---|---:|
| **ARGUMENT** | **1** |
| **I. The Proposed Class Satisfies Rule 23(b)(3)** | **1** |
|     A. Common Questions of Fact Predominate Plaintiff's Claims | 1 |
|     B. A Class Action Is Superior to Thousands of Individual Actions | 6 |
|     C. The Class Is Ascertainable | 7 |
| **II. The Proposed Class Satisfies Rule 23(A)** | **9** |
|     A. The Proposed Class Is Sufficiently Numerous | 9 |
|     B. Plaintiff's Claims Are Typical and He Is Adequate | 9 |
| **CONCLUSION** | **10** |

## TABLE OF AUTHORITIES

<u>Cases</u>

*Barnes v. Am. Tobacco Co.*,
  176 F.R.D. 479 (E.D. Pa. 1997) .................................................................................................. 10

*Basic Inc. v. Levinson*,
  485 U.S. 224 (1988) ...................................................................................................................... 2

*Byrd v. Aaron's Inc.*,
  784 F.3d 154 (3d Cir. 2015) ..................................................................................................... 7, 8

*Carrera v. Bayer Corp.*,
  727 F.3d 300 (3d Cir. 2013) ......................................................................................................... 8

*City Select Auto Sales Inc. v. BMW Bank of N. Am. Inc.*,
  867 F.3d 434 (3d Cir. 2017) ......................................................................................................... 8

*Clinton v. Sec. Benefit Life Ins. Co.*,
  63 F.4th 1264 (10th Cir. 2023) ..................................................................................................... 1

*DZ Rsrv. v. Meta Platforms, Inc.*,
  96 F.4th 1223  (9th Cir. 2024) .................................................................................................. 1, 2

*Fishlock v. Glob. Plasma Sols. Inc.*,
  No. 23-CV-00522, 2024 WL 1156719 (D. Del. Mar. 18, 2024). ................................................. 1

*Ge Dandong v. Pinnacle Performance Ltd.*,
  2013 WL 5658790 (S.D.N.Y. Oct. 17, 2013) ............................................................................... 2

*Hirsch v. USHealth Advisors, LLC*,
  337 F.R.D. 118 (N.D. Tex. 2020) .............................................................................................. 10

*Holman v. Experian Info. Sols., Inc.*,
  2012 WL 1496203 (N.D. Cal. Apr. 27, 2012) .............................................................................. 7

*In re Adobe Sys., Inc. Sec. Litig.*,
  767 F. Supp. 1023 (N.D. Cal. 1991) ............................................................................................ 3

*In re Community Bank of Northern Virginia*,
  418 F.3d 277 (3d Cir. 2005) ......................................................................................................... 5

*In re New York City Shoes Sec. Litig.*,
  1988 WL 17843 (E.D. Pa. Feb. 26, 1988) .................................................................................... 5

*In re Philips Recalled CPAP, Bi-Level PAP, & Mech. Ventilator Prods. Litig.*,

ii

347 F.R.D. 113 (W.D. Pa. 2024) ............................................................................................. 8

*In re: Domestic Drywall Antitrust Litig.*,
    322 F.R.D. 188 (E.D. Pa. 2017) ............................................................................................ 6

*Keegan v. Am. Honda Motor Co.*,
    284 F.R.D. 504 (C.D. Cal. 2012) .......................................................................................... 5

*McManus v. Fleetwood Enterprises, Inc.*,
    320 F.3d 545 (5th Cir. 2003) ................................................................................................ 5

*O'Keefe v. Mercedes-Benz USA, LLC*,
    214 F.R.D. 266 (E.D. Pa. 2003) ........................................................................................ 2, 5

*Ortez v. Michael P. Morton, P.A.*,
    2019 WL 1417156 (D. Del. Mar. 29, 2019) ......................................................................... 9

*Peil v. Speiser*,
    806 F.2d 1154 (3d Cir. 1986) ............................................................................................... 5

*Pennsylvania Emp., Benefit Tr. Fund v. Zeneca, Inc.*,
    710 F. Supp. 2d 458 (D. Del. 2010) ................................................................................... 10

*Reybold Grp., Inc. v. Chemprobe Techs., Inc.*,
    721 A.2d 1267 (Del. 1998) .................................................................................................. 6

*Roberts v. C.R. England*, Inc.,
    318 F.R.D. 457 (D. Utah 2017) ........................................................................................ 3, 5

*Robinson v. Fountainhead Title Grp. Corp.*,
    257 F.R.D. 92 (D. Md. 2009) ............................................................................................... 3

*Spark v. MBNA Corp.*,
    178 F.R.D. 431 (D. Del. 1998) ............................................................................................. 3

*Teamsters Loc. 237 Welfare Fund v. AstraZeneca Pharms. LP*,
    136 A.3d 688 (Del. 2016) .................................................................................................... 2

*Yarger v. ING Bank*,
    285 F.R.D. 308 (D. Del. 2012) ............................................................................................. 9

# ARGUMENT

## I. The Proposed Class Satisfies Rule 23(b)(3)

### A. Common Questions of Fact Predominate Plaintiff's Claims

GPS argues that Plaintiff cannot show that common questions predominate given the individualized proof of reliance required to prove class members' fraud claims. That is incorrect. As set out in Plaintiff's moving brief, common technology and common misrepresentations drive this litigation. The same technology,[1] the same lies, and the same harm underlie this Class Action.[2] Plaintiff "identifies two potential misrepresentations: (1) that Global Plasma used independent testing and (2) that ionizers are effective at stopping COVID." *Fishlock v. Glob. Plasma Sols. Inc.*, No. 23-CV-00522, 2024 WL 1156719, at *2 (D. Del. Mar. 18, 2024). This analysis presents common questions with common answers for the entire class. All of the available evidence demonstrates a course of conduct by GPS to misrepresent the efficacy of its technology and Products which led its customers to purchase the Products. These representations did not differ from buyer to buyer. ███████████████████████████████████████████

███████████████████████████████████████████. In these circumstances, courts have found that certification of a class is appropriate. *See DZ Rsrv. v. Meta Platforms, Inc.*, 96 F.4th 1223, 1234 (9th Cir. 2024) (where "a defendant has uniformly represented that a certain metric means something that it does not, the element of misrepresentation presents a common question."); *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1284 n.19 (10th Cir. 2023) ("More relevant might be the case of a car seller who provides the buyer certain favorable fuel economy numbers on the Monroney label but declines to

---

[1] D.I. 85, Ex. F-3, at 60:12-15.
[2] Plaintiff no longer seeks to certify a Multi-State Class; Plaintiff only seeks to certify the Delaware Subclass.

mention those numbers might be inflated based on its own testing conditions and unlikely to be reproduced in the course of normal driving."). Simply put, this "case is a typical consumer fraud case where liability issues predominate." *O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 291 (E.D. Pa. 2003) (citing *Amchem*, 521 U.S. at 625).

GPS erroneously conflates the requirements of common law fraud and the Delaware Consumer Fraud Act ("DCFA"). The DCFA is materially different from common law fraud. Notably, the DCFA does not require a showing of reliance. *Eames v. Nationwide Mut. Ins. Co.*, No. CIVA 04-1324-JJF-LPS, 2008 WL 4455743, at *8 (D. Del. Sept. 30, 2008) (an unlawful practice is "committed regardless of actual reliance by the plaintiff[.]"); *Teamsters Loc. 237 Welfare Fund v. AstraZeneca Pharms. LP*, 136 A.3d 688, 691–92 (Del. 2016) ("Delaware courts have found that a plaintiff can assert a cognizable claim under the Delaware Consumer Fraud Act even where allegations of reliance are wholly lacking."). Under the DCFA, proof of individual reliance is not required. Thus, reliance plays no role with the DCFA claim.

In the context of fraud, predominance is satisfied when individual reliance can be inferred. A fact finder can infer reliance where there is a uniform misrepresentation and the circumstances and evidence of the case show classwide reliance. *Basic Inc. v. Levinson*, 485 U.S. 224, 225 (1988) ("The courts below properly applied a presumption of reliance…instead of requiring each plaintiff to show direct reliance on Basic's statements."); *DZ Rsrv.*, 96 F.4th at 1237 ("[The] argument that reliance can never be a common question is incompatible with the voluminous caselaw from both the United States and California Supreme Court certifying fraud class actions.") (citing *Basic* in consumer fraud context); *Ge Dandong v. Pinnacle Performance Ltd.*, 2013 WL 5658790, at *10 (S.D.N.Y. Oct. 17, 2013) (certifying common law fraud class; finding that a reasonable factfinder could find through common, circumstantial evidence that

each individual class member relied on alleged misrepresentations); *Roberts v. C.R. England, Inc.*, 318 F.R.D. 457, 520 (D. Utah 2017) ("Plaintiffs are entitled to an inference of reliance and causation for purposes of the class certification analysis."); *Robinson v. Fountainhead Title Grp. Corp.*, 257 F.R.D. 92, 95 (D. Md. 2009) ("it would be a reasonable inference to assume that a class member who purchased services from [Defendant] relied on the legitimacy of that organization in paying the rate charged."); *In re Adobe Sys., Inc. Sec. Litig.*, 767 F. Supp. 1023, 1030 (N.D. Cal. 1991) ("an inference of reliance arises if a material false representation was made to persons whose acts thereafter were consistent with reliance on the representation."). In other words, "the court may presume reliance in a case where it is logical to do so." *Spark v. MBNA*, 178 F.R.D. 431, 435 (D. Del. 1998).

The case *sub judice* is one such case. The Court's review of the evidence shows the that reliance can be logical infered for the COVID representations by class members. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[6] The June 2020 press release was so pivotal that internal performance dashboards ▮▮▮▮▮▮▮▮▮▮

---

[3] D.I. 71, Ex. 35.
[4] *Garner v. Global Plasma Solutions*, 1:21-cv-00665 ("*Garner*"), at D.I.102, *Ex.* 1.
[5] *See* Ex. R-1 (showing significant increases in quote values in March and June 2020).
[6] D.I. 85, Ex. F-3, at 47:1-5.

3

███████████.[7] Simply put, "█████████████████████████████████████████████████████████████."[8]

The evidence presented additionally shows that GPS' technology fails to clean the air of irritants and pathogens generally as well as the specific SARS-CoV-2 virus. In other words, not only does NPBI fail to "███████"[9] but also it fails to adequately clean the air. It is the "air cleaner" that fails to clean the air. At bottom, it fails to perform, and any purchaser of the product would *at a minimum* purchase the device for its air cleaning capabilities.



---

[7] *See* Ex. R-2 ("█████████████████████").
[8] *Garner*, at D.I.102, Ex. 1.
[9] D.I. 71, Ex. 2.
[10] *See Garner*, at D.I.102, Exs. 8-11 where ███████████ is repeated.
[11] *See* Ex. R-3 (GPS directing █████████); Ex. R-4 (GPS CEO directing █████); R-5 (asking for "█████t"); *see also Garner*, at D.I.102, Ex. 1 ("████████████████████████████████████████████████████████████████████████████████████████████████████.").
[12] *See Garner*, at D.I.102, Ex. 4 ("█████████████████████████████████████████████████████████████████████████████████████████.").
[13] *See* Ex. R-7 (showing GPS' ████████████████████████████).

████████████.[14] ████████████████████████

████████████████████████████████

The existence of an individual inquiry does not preclude class certification, especially where all members face the necessity of proving the same conduct. *See In re Community Bank of Northern Virginia*, 418 F.3d 277, 306 (3d Cir. 2005). Even assuming reliance cannot be inferred, the central issues for the fraud-based claims are questions of law and fact common to the class. *Roberts*, 318 F.R.D. at 521 (D. Utah 2017). In other words, "the question of reliance on the part of individual plaintiffs may pose discrete factual questions. The potential of such questions should not prevent class certification with respect to the pendent common law claims." *In re New York City Shoes Sec. Litig.*, 1988 WL 17843, at *2 (E.D. Pa. Feb. 26, 1988); *see also Peil v. Speiser*, 806 F.2d 1154, 1159 n. 8 (3d Cir. 1986) (in reviewing an appeal under the "abuse of discretion" standard, the Third Circuit stated, "[w]e are less certain that the court was correct in decertifying the class with respect to the common law claims [on the basis that individual issues of reliance predominate].").

GPS also contends that individual issues impede certification of the implied warranty claim. Not so. Classes under the implied warranty of merchantability are frequently certified. *See O'Keefe*, 214 F.R.D. at 271; *Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 537 (C.D. Cal. 2012); *McManus v. Fleetwood Enterprises, Inc.*, 320 F.3d 545, 552 (5th Cir. 2003). A breach of the implied warranty of merchantability occurs when "(1) that a merchant sold the goods; (2) that such goods were not 'merchantable' at the time of the sale; (3) that the plaintiff was damaged; (4) that the damage was caused by the breach of warrant of merchantability; and (5) that the

---

[14] *See* Ex. R-6 ("████████████████████████████████████
████████████████████████████████████████████████.").

seller had notice of the damage." *Reybold Grp., Inc. v. Chemprobe Techs., Inc.*, 721 A.2d 1267, 1269 (Del. 1998). Here, each element is present. Individual issues do not predominate because every device was not merchantable at the time of sale and each member is economically damaged by the defect.

The DCFA, common law fraud, and implied warranty claim depend on common questions. Whether GPS misrepresented the NPBI technology and its Products can be decided on a classwide basis; either the Products were misrepresented or they were not. Litigation of this issue will turn on common evidence, without any individual inquiry whatsoever. Simply put, GPS lied about the independent testing, and the Products either perform as represented in real world conditions, or they do not.

### B. A Class Action Is Superior to Thousands of Individual Actions

GPS does not present any reason that a class action is not superior to thousands of individual lawsuits concerning this dispute. There is no evidence that any absent class members have an interest in individually controlling this litigation and there are no separate parallel proceedings pending. Moreover, proceeding as a class will be eminently more manageable than thousands of individual actions. In its attack on superiority, GPS contends that individual issues predominate. This argument fails because, as outlined herein, individual issues do not predominate. "[V]iewing this case through a practical lens, the goals of judicial economy are best served via the class action vehicle." *In re: Domestic Drywall Antitrust Litig.*, 322 F.R.D. 188, 201 (E.D. Pa. 2017). Individual issues do not predominate because classwide reliance - where required - can be shown.[15] Here, the uniform misrepresentations that caused GPS' sales to surge are common to all class members and the proof of deception is supported by expert evidence.

---

[15] *Supra* Section I.A.

Simply put, the timeline shows Class Members were driven by the COVID representations. At a minimum, every purchaser bought the "air cleaner" to clean the air, and expert evidence shows the devices do not clean the air.[16] Thus, the class action vehicle is superior to thousands of individual actions.

### C. The Class Is Ascertainable

A class is ascertainable when (1) it is "defined with reference to objective criteria"; and (2) there is "a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *Byrd v. Aaron's Inc.*, 784 F.3d 154, 163 (3d Cir. 2015). "The ascertainability requirement consists of nothing more than these two inquiries." *Id.* "[A]scertainability difficulties, while formidable, should not be made into a device for defeating the action." *Byrd*, 784 F.3d at 177 (Rendell, J. concurrence).

Here, the proposed class meets both of these requirements. Class members can be easily identified using GPS' records or verifiable class member affidavits. Further, GPS knows who purchased the Products,[17] and any holes in its record keeping can be remedied by class member provided information.[18] Accordingly, the class is ascertainable.

*Carrera* concerned low-cost vitamins with limited likelihood that there would be any proof of purchase. *Carrera v. Bayer Corp.*, 727 F.3d 300, 304 (3d Cir. 2013) ("there is no dispute that class members are unlikely to have documentary proof of purchase, such as packaging or receipts."). Here, no such issues exist. ███████████████████████

---

[16] D.I. 85, Ex. F-18, ¶8.
[17] *See, e.g.*, D.I. 71, Exs. 38 *and* 74.
[18] The fact that class members may be required to submit some information in order to determine they are members of the class does not render the class definition unascertainable. *See Holman v. Experian Info. Sols., Inc.*, 2012 WL 1496203, at *9 (N.D. Cal. Apr. 27, 2012) ("Even if the fact-finder must engage in individual determinations regarding certain factors of [a claim], they are limited and discrete inquiries based upon objective criteria and easily discernible facts.").

7

███████████████████████████████████████

██████.[19] *In re Philips Recalled CPAP Litig.*, 347 F.R.D. 113, 125 (W.D. Pa. 2024) ("[T]here is a reliable and administratively feasible mechanism to determine who falls within the class: each device has a serial number[.]"). Simply put, these purchases are a far cry from the low-cost vitamin purchases in *Carrera* where there was low likelihood of confirming purchase because there were no receipts or packaging and the item was a consumable good. Ascertainabilty "does not mean that a plaintiff must be able to identify all class members at class certification—instead, a plaintiff need only show that class members can be identified." *Byrd*, 784 F.3d at 163. Here, they can be reliably identified.

Ascertainability can be satisfied through affidavits from potential class members because there are "records to identify class members of a method to weed out unreliable affidavits." *City Select Auto Sales Inc. v. BMW Bank of N. Am. Inc.*, 867 F.3d 434, 441 (3d Cir. 2017). "Affidavits, in combination with records or other reliable and administratively feasible means, can meet the ascertainability standard." *Id.* Here, potential class members are likely to have receipts, GPS admits that some purchasers are contained in its records, and each device has a serial number which can provide reliable methods of confirmation to weed out unreliable affidavits. The class is defined by objective criteria. Simply put, the device was purchased during the class period, or it was not. Additionally, the class is administratively feasible.

---

[19] *See Garner*, at D.I.102, Ex. 2 ("█████████████████████████████████████████████████████████████████████████████████████"); *see also* Ex. R-9 █████████████████

8

## II. The Proposed Class Satisfies Rule 23(A)

### A. The Proposed Class Is Sufficiently Numerous

"[T]he Third Circuit has found that, generally, if the plaintiff demonstrates that the potential number of class plaintiffs is greater than 40, [numerosity] has been met." *Ortez v. Michael P. Morton, P.A.*, 2019 WL 1417156, at *4 (D. Del. Mar. 29, 2019). Here, numerosity is satisfied because from March 2020 through December 2024, GPS sold ▮ units in Delaware.[20] The evidence shows that GPS sales peaked during the Class Period;[21] ignoring the peak and applying conservative, well-reasoned estimates still evidence more than ▮ units sold during the Class Period.[22] Plaintiff has presented "sufficient circumstantial evidence specific to the products, problems, parties, and geographic areas" to allow the Court to make a factual finding regarding numerosity, and rely on its "common sense," to conclude that the Class has at least forty members. *Yarger v. ING Bank*, 285 F.R.D. 308, 323 (D. Del. 2012).

### B. Plaintiff's Claims Are Typical and He Is Adequate

Plaintiff is not subject to any unique defense, let alone one that will be that major focus of this litigation. To the contrary, he is typical of the rest of the class because he bought his GPS device based off GPS' representations and GPS failed to provide a product consistent with those representations.[23] Like all purchasers,[24] he bought the Product to clean the air, and he was

---

[20] Ex. R-8, Response to ROG1.
[21] D.I. 85, Ex. F-3, 49:1-15 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.").
[22] The Class Period encompasses approximately 35% of this range. This reduced the number of units in the Class Period to ▮. To fall below the 40-member threshold, each class member would need to purchase more than ▮ units on average.
[23] *See* D.I. 85, Ex. F-1, ROGS 1-2; D.I. 70, ¶¶ 6-9.
[24] The "purpose of the DCFA is to protect consumers and legitimate business enterprises from unfair or deceptive merchandising practices in the conduct of any trade or commerce[.]" *Pennsylvania Emp., Benefit Tr. Fund v. Zeneca, Inc.*, 710 F. Supp. 2d 458, 476 (D. Del. 2010).

9

primarily motivated by the COVID-19 representations that were claimed to be supported by independent testing. The evidence shows that GPS fails for all three.

GPS's illusory "unique defense" is not fatal to Plaintiff's typicality.[25] This "defense" presents no barrier to certification. *Beck*, 457 F.3d at 300 ("If a court determines an asserted unique defense has no merit, the defense will not preclude class certification."). Further, GPS' "unique defense theory" presents no impediment to Plaintiff's adequacy as class representative.

GPS argues that Plaintiff is inadequate. Not so. Mr. Fishlock's adequacy is exemplified by his commitment to vigorously prosecuting this action by performing his duties as named plaintiff. "It is more important that the representative actively seeks vindication of his or her rights and engages competent counsel to prosecute the claims." *Barnes v. Am. Tobacco Co.*, 176 F.R.D. 479, 486 (E.D. Pa. 1997). In that regard, Plaintiff has been in regular communication with his counsel about the progress of this case, reviewed documents filed on his behalf in order to remain updated on the status of this case and he has searched for and collected documents relevant to this action. D.I. 70, ¶¶ 15-17. In addition, Plaintiff sat for a deposition. GPS attempts to discredit Mr. Fishlock's adequacy by distorting his injury. He was economically injured in a similar fashion as each class member. He bought it for similar reasons as each class member, and despite his medical background, he is not an HVAC expert.[26] He's typical and adequate.

## **CONCLUSION**

For the foregoing reasons, Plaintiff requests that the Court certify the class, appoint Plaintiff as the class representative and appoint his counsel as class counsel.

---

[25] The cases cited by GPS in support of this argument are vastly different than the evidence before the Court. *See, e.g.*, *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 599 (3d Cir. 2009) (plaintiff's typicality questioned because he signed a general release not to sue).

[26] D.I. 85, Ex. F-1, at ROG8; Ex. F-2, at 78:11-14 ("I'm not an expert in these matters.").

Dated: March 31, 2025

Of Counsel:

REICH & BINSTOCK LLP
Dennis C. Reich
4265 San Felipe, Suite 1000
Houston, TX 77024
Phone: (713) 622-7271
Fax: (713) 623-8724
dreich@reichandbinstock.com

THE MILLS LAW FIRM
Michael A. Mills
8811 Gaylord Drive
Suite 200
Houston, TX 77024
Phone: (832) 548-4414
Fax: (832) 327-7443
mickey@millsmediation.com

THE KEETON FIRM LLC
Steffan T. Keeton
100 S Commons, Ste. 102
Pittsburgh, PA 15212
1-888-412-5291
stkeeton@keetonfirm.com

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff*