IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEITH FISHLOCK, on behalf of himself and all others similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>GLOBAL PLASMA SOLUTIONS INC.,<br><br>　　Defendant. | C.A. No. 23-cv-522-SB[1] |

# SCHEDULING ORDER

This _____ day of _____, 2025, the Court having waived an initial Rule 16 scheduling conference pursuant to Local Rule 16.1(a), IT IS ORDERED that:

2.　　E-Discovery Default Standard. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

3.　　Joinder of Other Parties and Amendment of Pleadings. The Parties disagree and present competing provisions.

　　a. Plaintiff: Amendment of pleadings or joinder of parties should not be summarily foreclosed at this stage. The Court is allowing the case to proceed and has presented an order that grants class certification while also granting and denying summary judgment on specific claims. The Parties await the Court's opinion, and Plaintiff and the Class may wish to

---

[1] The parties understand the Court's April 21, 2025 Order (D.I. 102) to request a revised proposed schedule solely for the above-captioned matter, but at the Court's request will promptly provide their positions on a proposed schedule for the related *Garner* matter, C.A. No. 21-665-SB.

1

refine their pleadings following a review of the fulsome opinion of the Court. Additionally, the case is now a certified class action for consumers within the state of Delaware and the value of the litigation has increased significantly; as a result, Plaintiff and the Class want to ensure that class members will have a remedy from a financially viable entity such as the true owner of the stock and assets and not just a shell company in the event a judgement is obtained after a trial. Plaintiff is concerned that if GPS suffers an adverse ruling in trial, GPS will file bankruptcy.

      b. Defendant: No motions to join other parties or to amend or supplement the pleadings will be allowed. As the Court has already observed, Plaintiff was aware of Defendant's parent company at the time he filed his Amended Complaint and had ample opportunity to amend his complaint to add such company. Plaintiff cannot use class certification as an opportunity to obtain the amendment this Court has already denied.

    4.    <u>Class Discovery</u>. The Parties disagree and present competing provisions.

   a. Plaintiff: Further discovery including notice and damage discovery is necessary. Document production shall begin by **June 5, 2025** and be substantially completed by **August 5, 2025**. All class discovery in this case shall be initiated so that it will be completed on or before **November 5, 2025**. Defendant confuses the ascertainability standard. Ascertainability does not require the names and addresses of each class member be available at certification. Rather, ascterainability requires that the class members can be determined, and additional, focused discovery may be required to provide notice to the class. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

   b. Defendant: No further discovery. Discovery in this case has already been completed. No further discovery will be allowed. In connection with the related case, *Garner v. Global Plasma Solutions, Inc.*, Civil No. 1:21-cv-00665-SB ("*Garner* litigation"), Plaintiff's counsel

propounded requests related to class discovery. GPS has already produced numerous documents in connection with the *Garner* litigation, including documents on which Plaintiff relied in his motion for class certification such as the "Sales by Customer" document that identifies the authorized manufacturer representatives to whom GPS sold its products. If Plaintiff requires limited additional discovery to send class notices, he shall be required to submit a letter to the Court outlining why such discovery is necessary and why it was not previously requested. Defendant shall then have the opportunity to respond to such request. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

      b.      *Discovery Matters and Disputes Relating to Protective Orders.*

           i.      Should counsel find, after good faith efforts—including oral communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

> Dear Judge Bibas:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference. The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on [INSERT DATES].
>
> The disputes requiring judicial attention are listed below:
>
> [A NON-ARGUMENTATIVE LIST OF DISPUTES REQUIRING JUDICIAL ATTENTION]

           ii.      On that date, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. Within

three days, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

    iii. In its discretion, the Court will schedule a teleconference to hear arguments on the dispute.

  5. <u>Motions to Amend</u>. The Parties disagree and present competing provisions.

 a. Plaintiff: Amendment of pleadings or joinder of parties should not be summarily foreclosed at this stage. The Court is allowing the case to proceed and has presented an order that grants class certification while also granting and denying summary judgment on specific claims. The Parties await the Court's opinion, and Plaintiff and the Class may wish to refine their pleadings following a review of the fulsome opinion of the Court. Additionally, the case is now a certified class action for consumers within the state of Delaware and the value of the litigation has increased significantly; as a result, Plaintiff and the Class want to ensure that class members will have a remedy from a financially viable entity such as the true owner of the stock and assets and not just a shell company in the event a judgement is obtained after a trial. Plaintiff is concerned that if GPS suffers an adverse ruling in trial, GPS will file bankruptcy. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **November 12, 2025**.

 b. Defendant: No motions to amend the pleadings will be allowed. As the Court has already observed, Plaintiff was aware of Defendant's parent company at the time he filed his Amended Complaint and had ample opportunity to amend his complaint to add such company. Plaintiff cannot use class certification as an opportunity to obtain the amendment this Court has already denied.

8.	Papers Filed Under Seal. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document. Administrative Procedures Governing Filing and Service by Electronic Means § G.

9.	Courtesy Copies. The parties need not provide to the Court any courtesy copies of briefs, any other document filed in support of any briefs (such as appendices, exhibits, declarations, and affidavits), or papers filed under seal.

10.	ADR Process. After the filing of case dispositive motions, this matter *may* be referred to a magistrate judge to explore the possibility of alternative dispute resolution.

11.	Interim Status Report. On **June 5, 2025**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Then, if the Court deems it necessary, it will schedule a status conference.

12.	Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13.	Duplicates. The parties should not submit duplicates of the same document. If a party attaches a document as an exhibit to a motion, the opposing party should cite to that exhibit, rather than attaching a new exhibit of the same document to his own motion.

14.	Pretrial Conference. The Court will schedule another case management conference, at which time the Court will address a schedule for class notice, and other open issues, as well as a schedule for any remaining motions, as applicable.

15.	Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine*

5

request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the in limine request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16. <u>Jury Instructions, *Voir Dire*, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed *voir dire*, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. The parties should also email Word versions of each document to Chambers.

17. <u>Class Notice</u>. The Parties disagree and present competing provisions.

a. Plaintiff: Consistent with Rule 23(b)(3), class notice will be sent by October 5, 2025 which is within 60 days of the substantial completion of class discovery. Additional class discovery including, *inter alia*, the actual names and addresses for first class service is required to send notice.

b. Defendant: Consistent with Rule 23(b)(3), class notice will be sent by July 5, 2025 which is within 60 days of the substantial completion of class discovery as class discovery has already been completed.

18. <u>Trial</u>. The Parties disagree and present competing provisions.

      a. Plaintiff: The trial should take one week, commencing <u>in a month consistent with the scheduled presented herein and subject to the Court's availability</u>.

      b. Defendant: The trial should take one week, commencing <u>in August 2025, subject to the Court's availability</u>.

_____
UNITED STATES CIRCUIT JUDGE
