IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEITH FISHLOCK, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GLOBAL PLASMA SOLUTIONS INC.,<br><br>    Defendant. | Civil Action No. 23-cv-522-SB<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR REARGUMENT OF
THE COURT'S ORAL ORDER OF NOVEMBER 26, 2025**

Plaintiff Keith Fishlock ("Plaintiff"), by and through undersigned counsel, pursuant to D. Del. LR 7.1.5, brings this Motion for Reargument of Court's Oral Order of November 26, 2025 ("Order")[1] and respectfully state to this Honorable Court the following:

1. Federal courts recognize three potential grounds for the Court to alter or amend an order or opinion under Federal Rule 59(e): (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *See In re Filene's Basement*, 2014 WL 172137 at *2 (Bankr. D. Del. Jan 15, 2014); *see also Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3rd Cir. 1999).

2. Reconsideration is appropriate where essential facts are misstated by counsel or misunderstood by a court. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 908 (3d Cir. 1985) ("The

---

[1] Pursuant to Local Rule 7.1.1, counsel for Plaintiff avers that a reasonable effort has been made to reach agreement on the matters set forth in this motion. Delaware counsel for all parties met and conferred on December 1, 2025. Defendant has indicated that it opposes this motion.

purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."); *Stanziale v. Nachtomi*, 2004 WL 1812705 at *6, (D. Del. Aug. 6, 2004) (stating that a court may grant a motion for reconsideration "if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension.").

3.  During the case management conference conducted on November 26, 2025, the Court denied Plaintiff's request for certain information from the Defendant.[2]

4.  In the case management conference, there was a misapprehension of the underlying dates where the Court indicated that it would understand if Plaintiff's counsel had timely filed a motion to compel and didn't wait seven months which created the Court's belief that Plaintiff's counsel had been dilatory in his requests for limited information for class notice purposes.

5.  In contrast, Plaintiff's counsel diligently sought this information, complied with the Local Rule 7.1.1, and Plaintiff's previous Delaware counsel, Michael Farnan, Esq., noted the dispute in a letter to the Court on May 5, 2025. No action was taken by the Court until November 21, 2025 when the Court's staff responded to the undersigned's follow up request on October 20, 2025.

6.  In fact, when Plaintiff's counsel renewed his efforts to obtain this information, defense counsel told him that it was their belief that the matter had been presented to the Court since May 2025 and no further conferral was necessary.[3]

---

[2] In the conference, the Court indicated that an oral order would be forthcoming that denied Plaintiff's request. While no order has been docketed yet, because the Court's conclusion was based on incorrect information that could not be remedied during the brief conference, Plaintiff's counsel presents the correct information so that the Court has all the true, relevant facts.

[3] Attached to the *Declaration of Dennis Reich in Support of Plaintiff's Motion for Reconsideration,* filed contemporaneously herewith, as Exhibit B.

1

7. Working diligently over Thanksgiving and the following weekend, Plaintiff's counsel was able to review the information sought by the Court and compile the true facts.

8. The facts as outlined in this motion and the attached exhibits show that Plaintiff's counsel has diligently pursued this information, defense counsel agreed that the dispute was already before the Court on May 5, 2025, and Plaintiff's counsel is entitled to this information.

9. On April 21, 2025, the Court granted in part and denied in part Plaintiff's motion for class certification in an oral order. D.I. 102.

> ORAL ORDER: I GRANT IN PART and DENY IN PART Defendant's motion for summary judgment. D.I. 73 . I DENY summary judgment on Plaintiff's claims about whether the testing was independent. Those claims may advance. I GRANT summary judgment to Defendant on all claims about the efficacy of Defendant's products against COVID-19 for similar reasoning to that adopted in the summary judgment opinion in related case Garner v. Global Plasma Solutions. 21-665, D.I. 142 . I GRANT IN PART Plaintiff's motion for class certification. D.I. 68 . I certify an opt-out class of plaintiffs who purchased an ionizer in Delaware between March 9, 2020, and June 15, 2021, on the DCFA and implied breach of warranty of merchantability claims. I DENY class certification on all other claims and DENY class certification for a multi-state class. A written opinion will follow explaining my reasoning for the summary judgment and class certification holdings. Because the opt-out class is certified, this case will need a new scheduling order. I ORDER the parties to propose a joint scheduling order by noon on May 5, 2025. The pretrial conference and trial are postponed. The trial is also postponed in the related case Garner v. Global Plasma Solutions. 21-665. Ordered by Judge Stephanos Bibas on 04/21/2025. (oam) (Entered: 04/21/2025)

10. Consistent with this order, Plaintiff's counsel worked diligently with defense counsel to discuss and prepare a scheduling order.

11. That scheduling order – including the disputed class notice information – was filed on May 5, 2025. D.I. 105.

12. The disputed class notice information was further highlighted in the cover letter by Plaintiff's former Delaware counsel, Michael Farnan, Esq., (noting disagreement with Paragraph 4) filed contemporaneously with the proposed scheduling order. D.I. 105-1.

13. From May 5, 2025 through November 25, 2025, the Court did not address any of the information contained in the proposed scheduling order including the disputed class notice information or proposed dates. The limited discovery requested in the proposed order was

scheduled to start by June 5, 2025 and be substantially completed by August 5, 2025. *See* D.I. 105, ¶4(a).

14. Plaintiff's counsel is aware that the District Court of Delaware – and especially this Court in its dual role in both the Third Circuit as well as in this District – is incredibly busy with an overloaded docket, and understood that rulings by the Court may take longer than normal.

15. Thus, without a ruling on the proposed scheduling order, a formal memorandum opinion, or scheduled trial date, Plaintiff's counsel - in respect of the Court's time and the belief that the Court was analyzing the proposed scheduling order – did not contact the Court or ask to "hurry up" the ruling on the matter.

16. On September 23, 2025, the Court issued its Memorandum Opinion which expanded upon and provided the Court's reasoning for its earlier oral order concerning class certification. D.I. 107.

17. Now that the Court's class certification opinion was finalized, Plaintiff's counsel sought to reengage discussions with defense counsel to (1) modify proposed dates in the proposed scheduling order and (2) renew discussions about the class notice disagreement to see if an agreement could be achieved without waiting for the Court's ruling on the issue.

18. Respecting this Court's procedure, Plaintiff's counsel emailed defense counsel to confer on these topics, and see if they could be resolved in advance of the Court's decision on the proposed scheduling order.

19. On October 15, 2025, Plaintiff's counsel contacted defense counsel to discuss the exchange of certain information concerning class members in order to expedite the notice process.

20. In response, on October 17, 2025, Defendant's counsel did not believe a new dispute had arisen; rather, defense counsel asserted that "[b]ack in May, we filed a proposed

scheduling order that noted the parties' competing positions on additional discovery, so this issue is already before the court." *See* Exhibit B to *Declaration of Dennis Reich in Support of Plaintiff's Motion for Reconsideration,* filed contemporaneously herewith.

21. As shown, counsel for both Parties were in agreement: the disagreement was before the Court on May 5, 2025, and both sides should wait for the Court's ruling on the matter.

22. To be certain, information exists that can expedite notice, but it is not required for the case to proceed.

23. The sought information does not concern ascertainability,[4] but rather, it is sought to expedite the class notice process. While numerous forms of class notice exist, the information was sought to supplement class notice with additional first class mailings to registered buyers.

24. If the Court denies this motion for reconsideration, Plaintiff intends to satisfy class notice through various methods including, *inter alia*, geo-targeted Internet advertising and published notice in The News Journal, Delaware State News, The Cape Gazette, and other valid forms of class notice.

25. There is currently no operative scheduling order in this case.

26. Plaintiff respectfully requests that the Court reconsider its ruling and allow Plaintiff to obtain the requested information to expedite class notice.

---

[4] Defense counsel notified the Court less than 30 minutes before the conference that it would now seek to decertify the class and failed to include lead Plaintiff's counsel on the email to the Court, so when the issue was presented in the conference, it was the first time lead Plaintiff's counsel had been exposed to this planned attack on certification by the Defendant. *See* Declaration of Dennis Reich.

4

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests this Honorable Court grant his Motion for Reargument and rule that Plaintiff can obtain the requested information to expedite class notice.

Dated: December 1, 2025

OF COUNSEL:

REICH & BINSTOCK LLP
Dennis C. Reich, Esq.
4265 San Felipe, Suite 1000
Houston, TX 77024
Phone: (713) 622-7271
Fax: (713) 623-8724
dreich@reichandbinstock.com

THE MILLS LAW FIRM
Michael A. Mills, Esq.
52D Briar Hollow Lane
Houston, TX 77027
Phone: (832) 548-4414
Fax: (832) 327-7443
mickey@millsmediation.com

THE KEETON FIRM LLC
Steffan T. Keeton, Esq.
100 S Commons, Ste. 102
Pittsburgh, PA 15212
1-888-412-5291
stkeeton@keetonfirm.com

Respectfully submitted,

CROSS & SIMON, LLC

*/s/ Kevin S. Mann*
Kevin S. Mann (Bar No. 4576)
1105 N. Market St., Suite 901
Wilmington, DE 19801
Phone: (302) 777-4200
kmann@crosslaw.com

*Attorneys for Plaintiff and the Classes*