IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KEITH FISHLOCK, on behalf of him-
self and all others similarly situated,

*Plaintiff*,

v.                                      No. 23-cv-00522

GLOBAL PLASMA SOLUTIONS INC.,

*Defendant*.

---

Brian E. Farnan, Michael J. Farnan, FARNAN LLP, Wilmington, Delaware; Dennis C. Reich, REICH & BINSTOCK LLP, Houston, Texas.

*Counsel for Plaintiff*

Adam Wyatt Poff, Samantha G. Wilson, YOUNG, CONAWAY, STARGATT & TAYLOR LLP, Wilmington, Delaware.

*Counsel for Defendant*

---

### MEMORANDUM OPINION

July 7, 2026

---

BIBAS, *Circuit Judge*, sitting by designation.

Class certification rests on facts, not forecasts. The forecast in this case did not pan out.

This class action alleges that Global Plasma Solutions fraudulently marketed air purifiers as cures for COVID-19. In September 2025, I certified a class of consumers under Federal Rule of Civil Procedure 23(b)(3). D.I. 107. Global Plasma now moves to decertify that class, claiming it is not ascertainable. It is right.

A district court may revisit certification at any point in the litigation. At a late stage in the litigation, decertification might be "extreme" or "drastic." *Korrow v. Aaron's Inc.*, 2015 WL 7720491, at *10 (D.N.J. Nov. 30, 2015); *Chiang v. Veneman,* 385 F.3d 256, 268 (3d Cir. 2004), *abrogated on other grounds by In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 318 n.18 (3d Cir. 2008). But we are in the early stages. And the Court retains the authority to decertify a class at any time during the litigation if it proves to be unmanageable. *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 815 (3d Cir. 1995). Indeed, district courts *must* reassess their class rulings as the case develops. *Kuehner v. Heckler,* 778 F.2d 152, 163 (3d Cir. 1985); *Bayshore Ford Truck v. Ford Motor Co.*, 2010 WL 415329, at *2 (D.N.J. Jan. 29, 2010). And what once appeared manageable no longer is.

From the outset, this was a close case. Global Plasma argued that the proposed class could not be ascertained because the available records tracked sales only to retailers, not to the consumers who allegedly bought the air purifiers. D.I. 83 at 18–20; *see, e.g.*, D.I. 71, Ex. 38. At certification, I concluded that the products' serial numbers could bridge that gap. See D.I. 107 at 9–10. If coupled with the appropriate retail records, those numbers could identify buyers, confirm class membership, and make notice possible. *Id.*

That assumption has proven wrong. The record now shows that Fishlock cannot connect the serial numbers to individual buyers. The air purifiers can be traced only to independent retailers. Those retailers recorded sales but generally did not retain customer information. Nor has Fishlock identified another reliable way to determine who bought which purifier. Without that link, the certified class cannot stand.

## I. FISHLOCK FAILS TO MATCH PURIFIERS WITH END USERS

Rule 23 requires more than defining a class. *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 318 (3d Cir. 2008). The class must also be ascertainable. *Id.* That means there must be both objective criteria and a reliable and administratively feasible way to determine who belongs in the class. *Byrd v. Aaron's Inc.*, 784 F.3d 154, 163 (3d Cir. 2015). Fishlock has not met that burden.

At certification, Fishlock proposed using serial numbers plus retailer records to identify buyers. Had that evidence existed, it could have distinguished this case from *Carrera v. Bayer Corp.*, 727 F.3d 300 (3d Cir. 2013). *See* D.I. 107 at 9. There, the Third Circuit rejected a proposed class because retail records could not identify end purchasers and plaintiffs relied largely on affidavits to show membership. *Carrera*, 727 F.3d at 308–09. The court required objective, reliable evidence of class membership. *Id.*

Serial numbers could have supplied that objective evidence—but only if Fishlock could tie those numbers to purchasers. He cannot.

Nor is it enough to promise that such evidence may later emerge. As the Third Circuit has explained, "a party's assurance to the court that it intends or plans to meet the requirements of Rule 23 is insufficient." *Hydrogen Peroxide Antitrust Litig.*,

3

552 F.3d at 318. Rule 23 demands proof, by a preponderance of the evidence, that the class is "currently and readily ascertainable based on objective criteria" and objectively, administratively feasible. *Marcus v. BMW of North America, LLC*, 687 F.3d 583, 593 (3d Cir. 2012).

Fishlock has not supplied that proof. The proposed mechanism for identifying class members has failed: He has effectively conceded that he cannot find the class members. *See* D.I. 108 ("[T]he identity of purchasers and serial numbers … [would be] necessary in order to give notice to the potential class members."). Without a workable way to determine who belongs in the class, the Court cannot manage the litigation or conduct a trial consistent with Rule 23. *See Hydrogen Peroxide*, 552 F.3d at 319. Other courts have reached the same conclusion when later discovery revealed that purchaser-specific records did not exist. *See In re Wellbutrin XL Antitrust Litig.*, 308 F.R.D. 134, 140, 151 (E.D. Pa. 2015). The same result follows here.

## II. THAT GAP ALSO IMPEDES NOTICE

This failure also bears on notice. Rule 23(c)(2) requires "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). Sometimes that requirement can be satisfied through publication or other substitute methods. *See, e.g.*, *Fry v. Hayt, Hayt & Landau*, 198 F.R.D. 461, 475 (E.D. Pa. 2000) (using publication to a special population in addition to individual notice to identifiable class members). But those alternatives do not solve Fishlock's problem. *See* D.I. 108 ("the identity of purchasers and serial numbers … [would be] necessary in order to give notice to the potential class members."); D.I. 110-2.

4

The obstacle here is not merely that notice would be expensive or inconvenient. It is that Fishlock cannot identify the people entitled to it without even more discovery. D.I. 108. But he has already had several months to conduct discovery on "case dispositive and class certification motions." *See* D.I. 43 at 8. And Fishlock has offered no alternative. Without a reliable means of determining class membership, the Court cannot conclude that the notice required by Rule 23 is practicable.

This does not make notice an independent ascertainability requirement. A class may be ascertainable even if individual notice is difficult. And the ability to provide notice does not itself establish ascertainability. But here, both inquiries fail for the same reason: Fishlock cannot reliably identify the consumers who bought the allegedly fraudulent products.

Finally, Fishlock insists that he is entitled to still more discovery to fix the issue, but that insistence falls short. *See, e.g.*, D.I. 108, 110-2. He has already had several months' worth of discovery to meet his burden of showing that the proposed class is ascertainable. Yet those efforts have not identified the individual buyers needed to connect specific air purifiers to class members. Nor does Fishlock explain why additional discovery would yield a different result. Instead, he reiterates that showing 4,760 purifiers were sold in Delaware between 2020 and 2024 is enough to establish the ascertainability of the class. *See* Answering Br., D.I. 115, at 2, 9. As I explained at certification, it is not. Without a reliable means of identifying the consumers who bought these products, the class cannot be ascertained.

6

\* \* \* \* \*

Rule 23 requires the Court to certify only those classes that can actually be tried. Because Fishlock cannot reliably identify the members of this class, and has essentially conceded as much, continued certification is no longer appropriate. The motion to decertify is granted.